IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 16-cv-01089-RM

HIGHLANDS RANCH NEIGHBORHOOD COALITION, a Colorado non-profit corporation,

    Plaintiff,

v.

JOHN M. CATER, in his official capacity as the Division Administrator, Colorado Division of the Federal Highway Administration,
THE FEDERAL HIGHWAY ADMINISTRATION,
SHAILIN P. BHATT, in his official capacity as Executive Director of the Colorado Department of Transportation, and
THE COLORADO DEPARTMENT OF TRANSPORTATION,

    Defendants.

---

## ORDER AFTER SECOND REMAND
---

Plaintiff brought this lawsuit seeking declaratory and injunctive relief based on allegations that Defendants violated the requirements of the National Environmental Policy Act of 1969 ("NEPA"). Plaintiff requested the Court to void the Finding of No Significant Impact ("FONSI") on the C-470 Project and enjoin Defendants from conducting any further work. As relevant here, one issue was the methodology Defendants used to validate the Traffic Noise Model ("TNM"). Defendants used short-term noise measurements to validate, but Plaintiff argued that long-term measurements were required. Defendants followed Section 3.2.2. of the "Colorado Department of Transportation Noise Analysis and Abatement Guidelines" dated January 15, 2015 (the "2015 Guidelines") to validate the TNM.

In its Order of November 8, 2017, the Court found Defendants did not comply with NEPA because they failed to show their decision to take and use short-term noise measurements had a rational basis and that they took into consideration the relevant factors in deciding which validation methodology to use. Accordingly, the Court remanded the matter to Defendants for further consideration.

Thereafter, Plaintiff filed a motion for reconsideration while Defendants filed a Joint Status Report ("Report") (ECF No. 61) with a Re-evaluation that supplemented the administrative record for the C-470 Project. After reviewing the Report and Re-evaluation, the Court found Defendants failed to show they complied with their remand obligations; determined it should retain jurisdiction over Defendants' remand obligations; and vacated the final judgment. The Court remanded the matter back again for Defendants to comply with their remand obligations in the first remand order (ECF No. 50) and to address how Defendants could have relied on the 2015 Guidelines for validation actions taken in 2013 and 2014. *See Sierra Club-Black Hills Grp. v. U.S. Forest Serv.*, 259 F.3d 1281, 1289 (10th Cir. 2001) ("When the agency record is inadequate, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985))). Defendants' Joint Report (ECF No. 64) followed, to which Plaintiff has filed no challenge or other response.

The Court has considered the Joint Report (with supporting declarations from those involved with conducting the noise analysis at issue), the court record, and relevant parts of the administrative record and, upon such consideration, finds Defendants have discharged their remand obligations, i.e., substantiated their prior decisions and actions in compliance with NEPA. Based on the record now before the Court, it finds Defendants have provided a roadmap

of their decision-making process, offered a rationale for their decision to use short-term measurements, and showed they considered relevant factors in deciding which validation method to use. In summary, Defendants have sufficiently shown:

- They considered the relevant factors, policies, and guidelines, including:
    - The 2013 Guidelines, which were the guidelines in effect at the time the noise measurements were taken, including the 2006 User's Guide (also referred to as "Appendix C");
    - The 2011 Federal Highway Administration "Highway Traffic Noise: Analysis and Abatement Guidance";
    - The 2015 Guidelines, which updated the 2013 Guidelines, as those were in effect at the time the July 2015 Traffic Noise Technical Report was completed;[1] and
    - That the 2015 and 2013 Guidelines were materially the same, thus there were no required updates to the noise analyses for the C-470 Project.
- They offered a rational basis for deciding to take and use only short-term noise measurements, including:
    - Why the methodology in the 2006 User's Guide was not used;
    - Why long-term noise measurements were not taken;
    - Their consideration of the guidance documents;
    - The industry standards; and
    - The exercise of their expertise and discretion, to which the Court defers.

---

[1] Also at the time when the 2015 Revised Environmental Assessment and FONSI were approved.

*See, e.g., Biodiversity Conservation All. v. Jiron*, 762 F.3d 1036, 1060 (10th Cir. 2014) ("Our deferential review 'is especially strong where the challenged decisions involve technical or scientific matters within the agency's area of expertise.'" (quoting *Utah Envtl. Cong. v. Russell*, 518 F.3d 817, 824 (10th Cir. 2008))). Accordingly, it is ORDERED

(1) That, in accordance with the Court's Order of November 9, 2017 (ECF No. 50), as amended by its Order of November 26, 2018 (ECF No. 63), judgment shall be entered as follows:

   (a) In favor of Plaintiff and against Defendants on the First Cause of Action for violation of NEPA for the reasons stated therein; and

   (b) In favor of Defendants and against Plaintiff on the Second Cause of Action for violations of NEPA public participation requirements;

(2) That, unless they have already been made a part of the administrative record for the C-470 Project, within 14 days of the date of this Order, Defendants shall supplement their administrative record with the exhibits (ECF No. 64-1, 64-2, 64-3) attached to the Joint Report;

(3) That, as stated herein, the Court finds that Defendants have now discharged their remand obligations and shown compliance with NEPA; and

(4) That the Clerk shall close this case.

DATED this 26th day of April, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge